IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-41,787-02, -03 & -04






EX PARTE WILLIAM CODY GRIM, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 10147, 10150 & 10151 IN THE 29TH DISTRICT COURT


FROM PALO PINTO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated assault with a deadly weapon and one count of injury to a child. He was sentenced to
imprisonment for two terms of twenty years and one term of life. The Eleventh Court of Appeals
affirmed his convictions. Grim v. State, Nos. 11-95-00292-CR, 11-95-00293-CR & 11-95-00294-CR
(Tex. App.-Eastland, May 9, 1996, no pet.).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to file an election for the jury to assess punishment. On April 2, 2008, we
remanded these applications and directed the trial court to provide trial counsel with the opportunity
to respond to Applicant's claim of ineffective assistance of counsel. The record after remand,
however, contains no response from counsel. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of
Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 10, 2008

Do not publish